■ MAURICE RAY et al., Respondents, v BROOKLYN UNION GAS, Doing Business as KEYSPAN ENERGY DELIVERY, INC., Appellant, et al., Respondents. [757 NYS2d 768] —In an action to recover damages for wrongful death and property damage, etc., the defendant Brooklyn Union Gas, doing business as Keyspan Energy Delivery, Inc., appeals from an order of the Supreme Court, Queens County (Polizzi, J.), dated April 29, 2002, which denied its motion for summary judgment dismissing the complaint and cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint and cross claims are dismissed insofar as asserted against Brooklyn Union Gas, doing business as Keyspan Energy Delivery, Inc., and the action against the remaining defendant is severed.

The Supreme Court improperly denied the motion of the defendant Brooklyn Union Gas, doing business as Keyspan Energy Delivery, Inc., for summary judgment dismissing the complaint and cross claims insofar as asserted against it. There are no triable issues of fact (*see* CPLR 3212 [b]) as to whether negligence on its part was a proximate cause of the fire (*see Farrah v Brooklyn Union Gas Co.,* 248 AD2d 584 [1998]). Where, as here, the moving party establishes that it is entitled to summary judgment, the party opposing the motion must demonstrate the existence of a triable issue of fact by admissible evidence, not mere conjecture, suspicion, or speculation (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). The plaintiffs failed to do so. Feuerstein, J.P., Smith, H. Miller and Townes, JJ., concur.